UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA PINEDA AGUILA,<br><br>                                Plaintiff,<br><br>v.<br><br>JASON BERRAZA AND FAMILY,<br><br>                                Defendants. | Case No.: 25-CV-2090 JLS (AHG)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

   Presently before the Court is Plaintiff Rosa Pineda Aguila's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's Complaint, Application, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

   All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405. 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee

only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).[1]

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

The Court cannot find that Plaintiff has alleged with sufficient certainty that she would be unable to afford the necessities of life should she be required to pay the requisite filing fee. Plaintiff's IFP Application is nearly blank in its entirety, with the lone exceptions being questions nine and ten, in which Plaintiff indicates, respectively, that she

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

expects a major change to her income or expenses over the next twelve months and that she will not be incurring legal fees in conjunction with this matter. IFP Appl. at 5. Question nine, however, also requires a description of any expected major changes to her income or expenses, yet Plaintiff provides none. *Id.* Such a "failure to properly complete the application does not permit a thorough analysis of whether [Aguila] has enough income or assets, as compared to expenses, to warrant IFP status." *Kamau v. Ertifai*, No. CV-25-02863-PHX-SHD, 2025 WL 2373718, at *1 (D. Ariz. Aug. 14, 2025). Accordingly, the Court **DENIES** Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies. If Plaintiff wishes to refile her IFP application, she "should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead response [sic] '0,' 'none,' or 'not applicable (N/A)' as necessary." *Herta v. Wiblemo*, No. 22-cv-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a); and

3. Plaintiff is **GRANTED** an additional thirty (30) days from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a new IFP application alleging that she is unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP application, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***.

**IT IS SO ORDERED.**

Dated: August 26, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge